UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES BARNES, as Personal Representative of the ESTATE OF RACHEL A. BARNES, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No._____ |
| | ) | |
| SHERIFF JOHN T. BOYD, in his official capacity as the sheriff of LaPorte County, Indiana | ) ) ) | Jury Trial Requested |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES
AND REQUEST FOR TRIAL BY JURY**

Comes now Plaintiff, James Barnes, as Personal Representative of the Estate of Rachel A. Barnes, Deceased, and for his complaint against Defendant, John T. Boyd, the Sheriff of LaPorte County, Indiana, in his official capacity, alleges and says as follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction of the First Claim for Relief pursuant to 28 U.S.C. § 1331 and  42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured to Rachel Barnes by the United States Constitution.

2.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the Second and Third Claims for Relief, to redress Rachel's wrongful death under Indiana state law.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 1983 because the alleged violations of Rachel Barnes's constitutional rights took place here.

## The Parties

4.     Plaintiff, James Barnes, is the duly appointed personal representative of the *Estate of Rachel A. Barnes, Deceased,* now pending in the Porter County (Ind.) Superior Court as Cause No. 64D01-1509-EU-007541 of such Court.

5.     John T. Boyd is the duly elected Sheriff of LaPorte County, Indiana.  Pursuant to I.C. § 36-2-13-5(7), Sheriff Boyd is charged with "tak[ing] care of the county jail and the prisoners there." He is being sued in his official capacity.

6.     At the time of her death, Rachel A. Barnes was an adult person who was a prisoner confined to the LaPorte County Jail ("Jail") in LaPorte, Indiana.

## Factual Allegations

7.     Rachel A. Barnes ("Rachel"), age 33, was arrested by LaPorte County Sheriff's Deputies after she drove her car into a farm pond at 11764 W 250 N, Michigan City, Indiana, on the evening of April 17, 2015.  She was charged with Operating a Motor Vehicle While Intoxicated.

8.     Rachel was then transported by Sheriff's Deputy Skyler M. Curtis to the IU Health LaPorte Hospital in LaPorte, Indiana, for a blood alcohol and drug screen, which was completed.

9.     Shortly thereafter, on the evening of April 17, 2015, Rachel was transported to the Jail where she was placed in a cell and in which she spent the rest of the night.

10.     In the early morning of April 18, 2015, Rachel advised the booking Deputy that she was subject to seizures, was going through alcohol and methadone withdrawal and stated repeatedly that she needed to go to the hospital.  Rachel also told jail personnel, "[I] [t]hink I am going to die if I don't go to the hospital."

11.     Several minutes later, on the morning of April 18, 2015, the booking Deputy replied to one of Rachel's requests for hospitalization as follows:

> "We are on the telephone with the doctor.  You're not going to the hospital, tell ya [sic] that right now. Doctor is going to prescribe you medication.  You put yourself in this situation and we are going to try to take care of you the best we can."

12.     On April 18, 2015, when he picked up Rachel's laboratory results, Deputy Curtis learned that she had a blood alcohol concentration equivalent to 0.447 grams per 100 milliliters of blood.  After reading the report of blood alcohol level, Deputy Curtis added another charge against Rachel, but did not report her laboratory results to the Jail and did not transport Rachel to the hospital.

13.     Rachel spent the rest of April 18, 2015 at the Jail, locked in a cell.

14.     At approximately 6:53 p.m. on April 18, 2015, Rachel suffered a seizure.

15.    From the time Rachel suffered the first seizure until she was discovered dead in her cell, at approximately 1:30 a.m. on April 19, 2015, no staff of the Jail and/or Sheriff's Department checked on Rachel.

16.    An autopsy determined that Rachel died of seizure due to ethanol withdrawal.

17.    At the time of her death, Rachel was survived by her father, James Barnes, her minor son and her minor daughter.

18.    Prior to Rachel's death, there had not yet been a judicial determination made regarding probable cause.

## Legal Background

19.    Detention and correctional facilities have a constitutional obligation to reasonably respond to the medical needs of arrestees who have not yet had a judicial determination regarding probable cause.

20.    This constitutional obligation stems from the Fourth Amendment of the United States Constitution.

21.    Rachel's death resulted from the wrongful act of the Defendant. Plaintiff also has a state-law statutory right to recover damages under the Indiana General Wrongful Death Act ("GWDA"), Ind. Code § 34-23-1-1, or the Indiana Adult Wrongful Death Act ("AWDA"), Ind. Code § 34-23-1-2.

## First Claim for Relief

22.    Plaintiff realleges and incorporates by reference all the material allegations of Rhetorical Paragraphs 1-21.

23.    Defendant's refusal to provide Rachel with reasonable medical care caused her death.

24.     Defendant's failure to attempt in any way to ameliorate the pain and suffering that Rachel reported to the booking Deputy, and his refusal to provide her with reasonable medical care is in violation of the Fourth Amendment of the United States Constitution.

## Second Claim for Relief

25.     Plaintiff realleges and incorporates by reference all the material allegations of Rhetorical Paragraphs 1-24.

26.     Rachel's death was caused by the wrongful act of the Defendant; therefore, Plaintiff is entitled to recover damages under Ind. Code § 34-23-1-1.

## Third Claim for Relief

27.     Plaintiff realleges and incorporates by reference all the material allegations of Rhetorical Paragraphs 1-26.

28.     Rachel's death was caused by the wrongful act of the Defendant; therefore, alternatively, Plaintiff is entitled to recover damages under Ind. Code § 34-23-1-2.

## Request for Relief

WHEREFORE, Plaintiff requests that this Court:

a.      Accept jurisdiction of this case and set the matter for hearing;

b.      Declare that the actions and inactions of the Defendant have violated federal law for the reasons noted above;

c.      Award Plaintiff his damages recoverable under 42 U.S.C. §§ 1983, 1988;

d.      Award Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

e.       Award Plaintiff his damages recoverable under Ind. Code § 34-23-1-1, or alternatively, under Ind. Code § 34-23-1-2, including attorney's fees and costs; and

f.       Award all other proper relief.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that this action be tried by a jury.

Respectfully submitted,

/s/ *Karen Celestino-Horseman*
Karen Celestino-Horseman
Of Counsel, Austin & Jones, P.C.
One N. Pennsylvania St.
Suite 220
Indianapolis, IN  46204
Tel: (317) 632-5633
Fax: (317) 630-1040
E-mail:  karen@kchorseman.com

/s/ *Raymond L. Faust*
Raymond L. Faust
150 E. Market Street, Suite 200
Indianapolis, IN   46204
Tel: (317) 321-2410
Fax: (317) 321-2417
Email:  rfaust@skilesdetrude.com