UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES BARNES, as Personal Representative of the ESTATE OF RACHEL A. BARNES, Deceased, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | CAUSE NO. 3:16-CV-190 RLM-MGG |
| JOHN T. BOYD, Sheriff of LaPorte County, Indiana, *et al.*, | ) ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Three motions are ripe for ruling: Dr. Cooke's motion to dismiss the third

amended complaint until a medical review panel has issued an opinion [Doc. No.

69]; Dr. Cooke's alternative motion to stay proceedings until the review panel

opinion is issued (in which IUHLP Liquidation, Inc. joins) [Doc. No. 80]; and IUHLP

Liquidation's renewed motion for judgment on the pleadings [Doc. No. 87]. For the

following reasons, Dr. Cooke's motion to dismiss is granted as to Counts 5 and 6

of the complaint, and is denied as to the § 1983 claims raised in Counts 1-4; the

motion to stay is denied as moot; and IUHLP Liquidation's Rule 12(c) motion is

granted in part and denied in part.

## I. STANDARD OF REVIEW

The standard of review for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c) is the same – both challenge the complaint's sufficiency, not its underlying merits. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007); Killingsworth v. HSBC Bank Nevada, 507 F.3d 614, 619 (7th Cir. 2007); Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). The court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Anicich v. Home Depot U.S.A., Inc., 852 F.3d 643, 648 (7th Cir. 2017). Fed. R. Civ. P. 8(a)(2), however, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 556 U.S. at 678, and legal conclusions aren't entitled to any presumption of truth.

## II. DISCUSSION

### 1. *Dr. Cooke's Motion to Dismiss*

Dr. Cooke moved to dismiss all claims against him (Counts 1-6) because Mr. Barnes hasn't completed the medical panel review process required under the Indiana Medical Malpractice Act. The Act provides that: "an action against a health care provider may not be commenced in a court in Indiana before: (1) the claimant's proposed complaint has been presented to a medical review panel...

and (2) an opinion is given by the panel."[1] IND. CODE. § 34-18-8-4. It "grants subject matter jurisdiction over medical malpractice actions first to the medical review panel, and then to the trial court." H.D. v. BHC Meadows Hospital, Inc., 884 N.E.2d 849, 853 (Ind. App. 2008). But the prohibition on court action imposed by the Indiana legislature in IND. CODE. §§ 34-18-8-4 doesn't affect this court's subject-matter jurisdiction over (or the federal pleading requirements with respect to) the constitutional claims raised in Counts 1-4, *see* Tacket v. General Motors Corp., 93 F.3d 332, 334 (7th Cir.1996); Estate of Rice ex rel. Rice v. Correctional Medical Services, 596 F.Supp.2d 1208, 1225 (N.D. Ind. 2009), so the court denies Dr. Cooke's motion to dismiss those claims.

The claims asserted against Dr. Cooke in Counts 5 and 6 are based on state law, and so are subject to dismissal if they're essentially a medical malpractice claim – they're "based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient", *see* IND. CODE. § 34-18-2-18 (defining malpractice) – and the medical review panel hasn't issued an opinion. *See* Estate of Rice ex rel. Rice v. Correctional Medical Services, 596 F.Supp.2d at 1225; Hobson v. Dominguez, Cause No. 2:10-CV-429,

---

[1] IND.CODE § 34–18–8–7 "allows a claimant to commence a malpractice action at the same time as the claimant's proposed complaint, but the complaint can't contain any information that would allow a third party to identify the defendant; the claimant is prohibited from pursuing the action; and the court is prohibited from taking any action except setting a date for trial." Estate of Rice ex rel. Rice v. Correctional Medical Services, 596 F.Supp.2d 1208, 1225 (N.D. Ind. 2009). Section 7 isn't applicable in this case because Mr. Barnes didn't file this lawsuit pursuant to that statute.

2012 WL 4361537, at *10-12 (N.D. Ind. Sep. 24, 2012); Hubbard v. Columbia Women's Hospital of Indianapolis, Inc., 807 N.E.2d 45, 51-52 (Ind. App. 2004).

The complaint alleges that Dr. Cooke "is a licensed Indiana physician who, via telephone only, provided medical services and advice regarding the decedent Rachel Barnes during the time in question"; prescribed medications, "without ever seeing [her]"; "failed to provide reasonable medical care for an individual going through alcohol withdrawal"; and that his "wrongful acts" or omissions ("failure to conduct an in-person medical examination" or to "follow up concerning her condition") caused her death, in violation of Indiana's Wrongful Death Act (Count 5), and other unidentified state law (Count 6). [Doc. No. 82 at ¶ 23, 34, 66, 68, 89, and 91]. Those allegations clearly fall within the definition of a malpractice action, so Mr. Barnes had to comply with the requirements in the Medical Malpractice Act before filing and/or pursuing the current action. He hasn't done so.

Mr. Barnes filed a proposed medical malpractice complaint against Dr. Cooke with the Indiana Department of Insurance on behalf of his daughter's estate, but the medical review panel hadn't issued an opinion when this suit was filed. In response to Dr. Cooke's motion to dismiss, Mr. Barnes voluntarily dismissed the proposed malpractice complaint before the review panel had issued an opinion. But he can't proceed with his state law claims against Dr. Cooke in this court unless and until he's complied with IND. CODE. § 34-18-8-4. The court grants the motion to dismiss Counts 5 and 6 as to Dr. Cooke.

### 2. *IUHLP Liquidation's Rule 12(c) Motion*

In moving for judgment on the pleadings, IUHLP Liquidation contends that: it isn't a state actor and can't be held liable for any of the constitutional violations alleged in Counts 1-4 because it's contract with the County to provide medical services to inmates only applies to inpatient services and Ms. Barnes wasn't admitted to the hospital when the blood test was performed; it can't be held vicariously liable under 42 U.S.C. § 1983 for its employees' isolated acts or omissions; and the court should decline to exercise supplemental jurisdiction over the state law claims asserted in Counts 5 and 7 after the federal claims are dismissed.

Mr. Barnes alleges in the third amended complaint that IUHLP Liquidation is directly and/or vicariously liable for Ms. Barnes' death under federal and/or state law because it willfully, wantonly, maliciously, recklessly and/or negligently:

(1) failed to contact the Sheriff's Department and/or jail to inform it that Ms. Barnes' blood alcohol "exceeded .400", "was at a dangerous and life-threatening level," and "required medical treatment" [Doc. No. 82 at ¶¶ 37, 41, 51, and 67];

(2) had a custom and practice of "simply leav[ing] lab results for pick-up by the Sheriff's Department and/or jail personnel, regardless of whether the test results show a life-threatening level of alcohol in an arrestee" [Doc. No. 82 at ¶ 69];

(3) "failed to adopt a policy that required the Hospital and/or

Lab personnel to contact the Sheriff's Department and/or the jail

when an arrestee's blood alcohol levels are life-threatening" [Doc. No.

82 at ¶ 70]; and

(4) "failed to train personnel as to the procedures to be followed

when an arrestee's blood alcohol tests over .400 and there is no one

to immediately pick-up or report the results to from the Jail." [Doc.

No. 82 at ¶ 70].

To the extent the plaintiff seeks to hold IUHLP Liquidation liable for the actions

(or omissions) of its employees under § 1983 for failing to contact the Sheriff's

Department and/or jail in a timely fashion, those claims are premised on vicarious

liability and cannot proceed. *See* Rodriguez v. Plymouth Ambulance Service, 577

F.3d 816, 822 (7th Cir 2009); Reynolds v. Jamison, 488 F.3d 756, 764 (7th Cir.

2007).

But the complaint also asserts claims of direct liability premised on the

alleged custom and policy, a failure to enact policies and a failure to adequately

train its personnel. Those claims might be actionable under § 1983, if the plaintiff

can show that the constitutional deprivations were caused by an entity that was

acting under color of state law. *Id*. IUHLP Liquidation claims that it wasn't so

acting, but its argument is premised on facts that aren't contained in the third

amended complaint or supported by any documentation attached thereto, and

can't be considered on a motion to dismiss. Whether IUHLP Liquidations is a state actor is a fact-intensive inquiry that requires the court to engage in a functional inquiry, Shields v. Illinois Dept. of Corrections, 746 F.3d 782, 797 (7th Cir. 2014); Rodriquez v. Plymouth Ambulance Service, 577 F.3d at 826-27, and the third amended complaint doesn't provide enough facts to conduct such an inquiry. *See, i.e.*, Manzanales v. Krishna, 113 F.Supp.3d 972, 980 (N.D. Ill. 2015).

Accordingly, IUHLP Liquidation is entitled to judgment on the pleadings to the extent plaintiff seeks to hold IUHLP Liquidation vicariously liable under § 1983 for the acts or omissions of its employees , but its motion must be denied in all other respects.

### 3. *The Motion to Stay*

The court's findings with respect to Dr. Cooke's motion to dismiss make his motion to stay moot, and the court agrees with Mr. Barnes that the dismissal of his medical malpractice complaint before the Indiana Department of Insurance moots the Hospital's argument about the state claims and supplemental jurisdiction. The court denies the motion to stay [Doc. No. 80].

### III. CONCLUSIONS

For the foregoing reasons, the court:

(1) GRANTS Dr. Cooke's motion to dismiss [Doc. No. 69] in part, DISMISSES Counts 5 and 6 of the third amended complaint as to Dr. Cooke, and DENIES the motion in all other respects.

(2) GRANTS IUHLP Liquidation's motion for judgment on the pleadings [Doc. No. 87] to the extent the claims asserted under 42 U.S.C. § 1983 seek to hold IUHLP Liquidation vicariously liable for the acts or omissions of its employees, and DENIED the motion in all other respects.

(3) DENIES the motion to stay [Doc. No. 80] as moot.

SO ORDERED.

ENTERED:  April 10, 2018


        /s/ Robert L. Miller, Jr.
        Judge
        United States District Court